CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Elizabeth Usinger, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
In re:                                                           :   Chapter 11
                                                                 :
NAVILLUS TILE, INC., DBA NAVILLUS                                :   Case No. 17-13162 (SHL)
CONTRACTING                                                      :
                                                                 :
                Debtor.                                          :
                                                                 :
---------------------------------------------------------------- x
                                                                 :
NAVILLUS TILE, INC., DBA NAVILLUS                                :
CONTRACTING,                                                     :
                                                                 :
                Plaintiff,                                       :
                                                                 :   Adv. Proc. No.
        -against-                                                :
                                                                 :
OLIVEIRA CONTRACTING, INC.                                       :
                                                                 :
                Defendant.                                       :
---------------------------------------------------------------- x

## ADVERSARY COMPLAINT

Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned Debtor and debtor-in-possession ("Navillus" or "Plaintiff"), by and through its attorneys Cullen and Dykman LLP, hereby brings this adversary proceeding against Oliveira Contracting, Inc. ("Oliveira" or "Defendant"), and alleges as and for its Complaint in this action against Defendant as follows:

1

## NATURE OF ADVERSARY PROCEEDING

1. This is an adversary proceeding commenced by Navillus pursuant to the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq*. (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking damages as a result of Defendant's failure to turnover property of the estate, breach of contract, and unjust enrichment, which claims arise out of or are related to the contract between Oliveira and Navillus for stone façade installation work by Navillus at WTC Liberty Park, 155 Cedar St, New York, NY 10006.

## INTRODUCTION

2. On November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

3. Navillus has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. On November 28, 2017, the Office of the United States Trustee appointed an official committee of unsecured creditors.

5. On the Petition Date, Navillus filed the Affidavit of Donal O'Sullivan pursuant to Local Bankruptcy Rule 1007-2 (the "First Day Affidavit"). A detailed factual background of Navillus' business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Affidavit and incorporated herein by reference.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

7. The statutory predicates for the relief sought herein are sections 105, 1107 and 1108 of the Bankruptcy Code and Bankruptcy Rule 7001(a).

8. Navillus consents to the entry of final orders and judgments by the bankruptcy judge regarding the matters set forth herein.

## THE PARTIES

9. Navillus is a corporation organized and existing under the laws of the State of New York, with offices located at 633 Third Avenue, 17th Floor, New York, New York 10017.

10. Upon information and belief, Oliveira is a New York corporation with offices located at 15 Albertson Avenue, Albertson, NY 11507.

## RELEVANT FACTUAL BACKGROUND

**A. The Contract**

11. On or about February 17, 2014, Navillus as subcontractor and Oliveira as contractor entered into Contract Number WTC-324.828.F-01 (the "Contract"), for the performance of certain work, labor and services related to stone façade installation (the "Contract Work"), for the project known as WTC Streets, Utilities, & Related Infrastructure – Phase III - Liberty Park (Finishes Building and Sitework) (the "Project").

12. The Contract establishes the sum of Three Million One Hundred Thousand Dollars ($3,100,000.00) as the original total price for Navillus' performance of the Contract Work.

13. Navillus timely commenced performance of the Contract Work pursuant to the Contract for the Project and completed all such Contract Work.

**B. Oliveira's Failure to Tender Payments Due and Owing for Work Performed**

14. On or about January 31, 2017 Navillus submitted payment application 22 in the amount of $153,638.77 ("Payment 22") for Contract Work it performed during the period January 1, 2017 through January 31, 2017.

15. On or about February 28, 2017, Navillus submitted payment application 23 in the amount of $151,585.72 ("Payment 23") for Contract Work it performed during the period February 1, 2017 through February 28, 2017.

16. On or about March 31, 2017, Navillus submitted payment application 24 in the amount of $8,382.44 ("Payment 24") for Contract Work it performed during the period March 1, 2017 through March 31, 2017.

17. On or about April 30, 2017, Navillus submitted payment application 25 in the amount of $884.92 ("Payment 25") for Contract Work it performed during the period April 1, 2017 through April 30, 2017.

18. Oliveira is required to pay Navillus within seven (7) business days after Oliveira receives funds from the Owner, pursuant to Article 4 of the Contract.

19. Despite Navillus' submission of Payment Applications 22 through 25 in the total amount of $314,491.80 (the "Unpaid Requisitions"), Defendant has failed to pay Navillus.

20. Navillus has performed additional Contract Work in the amount of $259,481.00 (the "Additional Contract Work") but Oliveira has wrongfully refused to permit Navillus to submit payment requisitions for the Additional Contract Work.

21. At Defendant's request, Navillus performed work in addition to the Contract Work, including, but not limited to certain change orders, which as of today's date is totaling $147,452.76 (the "Extra Work").

4

22. Pursuant to the terms of the Contract, Defendant was authorized to retain a portion of the agreed upon contract price to ensure that Navillus completed the Contract Work.

23. Defendant has failed to pay the retained amount of $385,180.97 (the "Retainage") to Navillus despite its obligation to do so pursuant to the Contract.

24. Notwithstanding Navillus' performance under the Contract, Defendant has failed to pay Navillus for the Unpaid Requisitions, Additional Contract Work, Extra Work and Retainage totaling $1,106,606.50 (the "Outstanding Amount").

25. Despite due demand, Defendant has failed and refused to turn over the Outstanding Amount.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 and 542)

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "25" above, as if fully set forth herein.

27. Pursuant to Bankruptcy Code §§ 541(a)(1) and (a)(6), upon the filing of a bankruptcy case, an estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."

28. Pursuant to Bankruptcy Code § 542, a party holding property of the estate has a mandatory duty to turn over such property of the estate to the debtor upon the filing of a bankruptcy case.

29. A debtor's rights to be paid for labor and material supplied under the terms of a contract that are due and owing as of the commencement of a bankruptcy case is considered property of the estate.

30. Therefore, Navillus is entitled to turnover of the Outstanding Amount.

31. By failing to pay Navillus, Defendant has improperly retained $1,106,606.50 worth of estate property to Navillus' detriment.

32. As a direct and proximate result of the foregoing, Navillus has sustained damages and there is presently due and owing to Navillus a sum of not less than $1,106,606.50 from Defendant, no part of which has been paid.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "32" above, as if fully set forth herein.

34. Oliveira has an obligation under the Contract to pay Navillus for Contract Work and Extra Work performed.

35. Navillus performed Contract Work and Extra Work as required in accordance with the Contract and at Defendant's specific request.

36. Oliveira is required to pay Navillus the Outstanding Amount as set forth in in the Contract.

37. Oliveira has failed and refused to pay Navillus the Outstanding Amount despite demand therefor.

38. Oliveira's non-performance of its fundamental obligation under the Contract to pay Navillus the Outstanding Amount is a material breach of the Contract.

39. As a direct and proximate result of the foregoing, Navillus has sustained damages and there is presently due and owing to Navillus a sum of not less than $1,106,606.50 from Defendant, no part of which has been paid.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "39" above, as if fully set forth herein.

41. Defendant has purposefully refused to pay Navillus the Outstanding Amount despite due demand.

42. Defendant has wrongfully benefitted and has been unjustly enriched at Plaintiff's expense.

43. Plaintiff has suffered, and continues to suffer, substantial damages as a result of Defendant's failure to honor its obligation under the Contract to pay the Outstanding Amount.

44. As a direct and proximate result of the foregoing, Plaintiff has sustained damages and is entitled to a judgment against Defendant in an amount not less than $1,106,606.50, plus interest and costs.

**WHEREFORE**, Navillus demands judgment against Defendant as follows:

(1) On its First Cause of Action for a judgment against Defendant for turnover under Bankruptcy Code §§ 541 and 542, in the total amount of $1,106,606.50;

(2) On its Second Cause of Action for breach of contract damages against Defendant in the total amount of $1,106,606.50;

(3) On its Third Cause of Action for unjust enrichment against Defendant in the total amount of $1,106,606.50;

(4) Attorney's fees, costs, and applicable interest thereon; and

(5) For such other, further and different relief as the Court may deem just and proper.

Dated: Garden City, New York
October 3, 2018

                                       CULLEN AND DYKMAN LLP

                                       By: _____
                                       Elizabeth Usinger, Esq.
                                       100 Quentin Roosevelt Boulevard
                                       Garden City, NY  11530
                                       (516) 357-3700
                                       eusinger@cullenanddykman.com

                                       *Counsel to Navillus Tile, Inc. dba*
                                       *Navillus Contracting*